FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAY J. JOHN,<br><br>    Plaintiff,<br><br>    v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON; DEUTSCHE BANK NATIONAL TRUST COMPANY; and NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER;<br><br>    Defendants. | NO.  4:20-CV-05008-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** |

Before the Court is Plaintiff's Motion for Remand, ECF No. 6. The motion was considered without oral argument. Plaintiff requests that the Court should remand his case back to Benton County Superior Court because the Court lacks jurisdiction over his claims and because the case was improperly removed. Defendants oppose the motion. Having considered the motion, the briefing, and the relevant caselaw, the Court **denies** Plaintiff's Motion for Remand.

### Facts and Procedural History

On June 30, 2006, Plaintiff purchased a property located at 4301 West 35th Court, Kennewick, Washington 99337-2749 and received a Statutory Warranty Deed. ECF No. 1-2 at ¶¶ 3.1-3.2. Plaintiff had two mortgages against the property

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** * 1

through Defendants. *Id.* at ¶ 3.3. Although it is not entirely clear from the Complaint, the Court assumes Plaintiff stopped making payments on his mortgages and his property is in foreclosure proceedings.

On August 28, 2019, Plaintiff filed a pro se Complaint to Quiet Title in Benton County Superior Court.[1] In his original complaint, Plaintiff alleges that Defendants engaged "in a pattern of fraud…as relates to the failure to negotiate in good faith with elderly borrowers such as Plaintiff." *Id.* at ¶ 3.5. In particular, Plaintiff alleged that Defendants used deceptive means to induce Plaintiff to over-leverage his home; use falsely inflated valuations; provided misleading statements regarding the balance of his mortgage, arrears, escrow balances, and reinstatement quotes; used the Mortgage Electronic Registration System to conceal the name of the true owner of the loan in violation of Washington law; forced a default by instructing Plaintiff to become 90 days past due in order to receive relief from his mortgage payment and then denying Plaintiff a loan modification; and failing to engage in the mediation process in a manner consistent with the facts, circumstances and needs of Plaintiff and with consideration of the actual value of the property at issue, and the likelihood of recovering comparable sums after foreclosure. *Id.* at ¶¶ 3.5(a)-(f).

Plaintiff brought claims under the FDCPA, the Washington Consumer Protection Act, the Real Estate Settlement Procedures Act, the RICO Act, the Washington Unfair or Deceptive Trade Practices Act, the Foreclosure Fairness Act, and the Washington Deed of Trust Act. Plaintiff requests that the Court confirm title to the Property in favor of Plaintiff and quiet Defendants' claims to the Property. *Id.* at ¶ 5.1.

---

[1] Plaintiff alleges that he purchased a form complaint from a company called Rockingham, PMA. He alleges that Rockingham was engaged in the unauthorized practice of law in preparing his deficient complaint, though the Court is unable to discern what import this is to Plaintiff's argument in favor of remand. ECF No. 6 at 2-3, ECF No. 7 at 2-5.

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** * 2

Soon after filing his complaint, Plaintiff and Defendant QLS filed a Stipulation of Nonparticipation. ECF No. 5-1 at 9-10. In the Stipulation, the Plaintiff and QLS agreed that QLS was a trustee under a Deed of Trust to the Property. ECF No. 5-1 at 9. Plaintiff and QLS also agreed that QLS was named solely in its capacity as trustee, and that Plaintiff would not seek any monetary damages against QLS. *Id.* Plaintiff also agreed that QLS would not be required to participate in the litigation proceedings in any manner. *Id.*

Defendant Deutsche Bank National Trust Company filed a notice of removal on January 15, 2020 on the basis of federal question and diversity jurisdiction. ECF No. 1 at 2-3. Subsequent to removal, Plaintiff voluntarily dismissed all of his federal law claims. ECF Nos. 4, 11, and 13.

## Legal Standard

A defendant may remove an action originally filed in state court to the federal district court if the district court would have original jurisdiction over the action. 28 U.S.C. § 1441. In a case involving multiple defendants, all defendants—with the exception of nominal defendants—must join in or consent to the removal petition. *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009). Section 1441 is strictly construed against removal jurisdiction, and the defendant always has the burden of establishing that removal is proper. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). District courts have original jurisdiction over civil actions where the claims in the action either sound in federal law, 28 U.S.C. § 1331, or if the amount in controversy exceeds $75,000 and the parties are diverse, 28 U.S.C. § 1332.

In order to remove on the basis of federal question jurisdiction, the defendant must show that the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). However,

as plaintiffs are the masters of their complaints, voluntary dismissal of federal law claims gives the district court discretion to remand any remaining pendent state law claims. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 353-54 (1988); *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995).

If the basis of removal is diversity jurisdiction, the removing defendants bear the burden of establishing that the requirements of diversity jurisdiction are satisfied. *Strotek Corp v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Whether parties are diverse from each other "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Id.* at 1131. For purposes of diversity jurisdiction, "complete diversity" means only that "the citizenship of each plaintiff is diverse from the citizen of each defendant"; it is not necessary to show that defendants are diverse from each other. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

A corporation is a citizen of every state in which it is incorporated and the one state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). A limited liability company "is a citizen of every state of which its owner/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A national banking association is a citizen only "of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *Rouse v. Wachovia Mortg., FBS*, 747 F.3d 707, 715 (9th Cir. 2014). A trust has the citizenship of its trustee or trustees. *Demarest v. HSBC Bank U.S.A., N.A.*, 920 F.3d 1223, 1227-28 (9th Cir. 2019) (holding that HSBC, the trustee, was sued in its own name and therefore its citizenship was all that mattered for purposes of diversity).

Federal courts disregard formal or nominal parties' citizenship when considering citizenship for subject matter jurisdiction purposes. *Renfroe v. Quality Loan Serv. Corp. of Wash.*, No. 2:17-CV-00194-SMJ, 2017 WL 3317299 at *1

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** * 4

(E.D. Wash. Aug. 3, 2017). Courts have defined a nominal defendant as one who "holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is no dispute." *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). Most courts consider trustees in foreclosure suits as nominal parties unless the plaintiff has alleged direct and substantive claims against them. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980); *Demarest*, 920 F.3d at 1229; *Adrain v. Wells Fargo Bank, N.A.*, No. 2:16-CV-00142-SAB, 2016 WL 4059231 at *1 (E.D. Wash. July 27, 2016).

If there is any doubt as to the right of removal, the district court should remand the action to state court. *Gaus*, 980 F.2d at 566. A party may also move to remand a case back to state court if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447.

## Discussion

Plaintiff makes several arguments in favor of remanding his case to state court. First, Plaintiff argues that remand is proper because the Court no longer has federal question jurisdiction over his case. ECF No. 6 at 9-10. Second, Plaintiff accuses Defendant Deutsche Bank and Nationstar's attorneys of professional misconduct by filing the instant Notice of Removal because they have not proven an "actual attorney-client relationship" between Defendants and the attorneys. *Id.* at 11-12. Third, Plaintiff argues that the Notice of Removal has not adequately alleged facts to prove diversity jurisdiction existed because the Defendants are not totally diverse from each other. *Id.* at 14. Finally, Plaintiff argues that the Court should remand his case under the *Colorado River* abstention doctrine. In support of all of these arguments, Plaintiff cites to a declaration from his counsel, which has 98 paragraphs, over 1,500 pages of exhibits, and a myriad of assertions that are by and large inadmissible under the Federal Rules of Evidence. In response, Defendant argues that Plaintiff's arguments are meritless and that the Court continues to have federal jurisdiction over the case. In reply, Plaintiff doubles

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** * 5

down on his standing arguments, asserts that "Deutsche Bank" does not actually exist, and requests that the Court order an evidentiary hearing to inquire into defense counsel's authority to represent Defendants. ECF No. 6 at 11.

The Court considers each of Plaintiff's arguments in turn, beginning with his standing argument. Having considered the briefing and the relevant case law, and for the reasons discussed herein, the Court **denies** Plaintiff's Motion to Remand.

1. <u>Defendants Have Standing to Remove</u>

Plaintiff argues that Deutsche Bank and Nationstar lacked standing to file the Notice of Removal. As far as the Court can discern, Plaintiff argues that "Deutsche Bank" and "Deutsche Bank National Trust Company" are not the same thing, and that "Deutsche Bank" does not exist. It further appears that Plaintiff argues that there are three entities that make up "Deutsche Bank": Plaintiff seems to argue that there are three entities Defendant purports are one: (1) Deutsche Bank National Trust Company; (2) Deutsche Bank National Trust Company, as Trustee on behalf of HIS Asset Securitization Corporation Trust 2006-HE2; and (3) Deutsche Bank. *See* ECF No. 6 at 10-11. Plaintiff argues that, because "Deutsche Bank" is not a named party, it has no standing to remove. ECF No. 6 at 10-11. In support of this argument, Plaintiff just cites to a nearly 1,600-page declaration without any pin cites.

Plaintiff's standing argument is borderline incomprehensible and completely without merit. As demonstrated in the notices of sale and as reference in the Notice of Removal, all three entities pointed to by Plaintiff are the same entity. ECF No. 5-2 at 37, 40. Furthermore, Defendants' Corporate Disclosure Statement details the relationship between the three entities Plaintiff wrongly purports are separate. *See* ECF No. 3 at  at ¶ 1 ("Deutsche Bank National Trust is a wholly owned subsidiary of Deutsche Bank Holdings, Inc., which is a wholly owned subsidiary of Deutsche Bank Trust Corporation, which is a wholly owned subsidiary of DB USA Corporation, which is a wholly owned subsidiary of Deutsche Bank AG, a public

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** ~ 6

held banking corporation organized under the laws of the Federal Republic of Germany."). Thus, Plaintiff's argument that Deutsche Bank is not a named party and therefore has no standing has no merit.

Plaintiff's argument that Defendants have no standing to remove because its attorneys do not actually have an attorney-client relationship with them is also meritless. There is simply no evidence that there is no attorney-client relationship between Defendants and its attorneys. Local Civil Rule 83.2 requires only that a party file a formal notice of appearance. An attorney is not required to prove she has an attorney-client relationship with any given client before filing motions on the client's behalf. LCivR83.2(d). The cases Plaintiff cites to in support of his request for an evidentiary hearing are not applicable here, as they deal with issues such as whether an attorney has third-party standing to bring claims on behalf of anonymous clients. Other courts faced with this same argument from Plaintiff's counsel have soundly rejected it. *See Robertson v. GMAC Mortg. LLC*, C12-02017-MJP, 2013 WL 12175089 at *2 (W.D. Wash. Feb. 19, 2013) ("In essence, Plaintiff seeks to pierce the attorney-client relationship and disclose communications between Defendants and their counsel. This motion is wholly without merit, unnecessary, and is frivolous."); *Bank of New York Mellon v. Stafne*, C16-00077, 2016 WL 873664 at *3 (W.D. Wash. Aug. 9, 2016). Defendants' counsel made formal appearances before the Court and are admitted to practice in this Court. The Court is convinced by defense counsel's representations and will not require more of Defendants or remand based on Plaintiff's groundless arguments.

   2. The Court has Federal Jurisdiction Over This Case

Although there was federal question jurisdiction on the face of the Complaint at the time of removal, Plaintiff has since dismissed all of his federal law claims. *See* ECF No. 13. The only claims that remain are state law claims. Because Plaintiff is the master of his Complaint, the Court lacks subject matter

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** * 7

jurisdiction on the basis of federal question jurisdiction. *Carnegie-Mellon Univ.*, 484 U.S. at 353-54; *Baddie*, 64 F.3d at 490.

The Court next considers whether it has diversity jurisdiction over Plaintiff's case. Parties do not dispute the amount of controversy and agree that this element is satisfied. Instead, Plaintiff argues that complete diversity is lacking because the Notice of Removal does not discuss the citizenship of Defendant QLS.[2] Although QLS is a named defendant, its citizenship is irrelevant to the determination of diversity here. QLS is a nominal defendant, as demonstrated by the Stipulation of Nonparticipation filed in Benton County Superior Court prior to removal. ECF No. 5-1 at 9-10. Courts have found such a stipulation sufficient to demonstrate that a party is a nominal party. *Adrain*, 2016 WL 40592231 at *1; *Renfroe*, 2017 WL 3317299 at *2-3. Furthermore, no substantive allegations are brought against QLS, nor are any monetary damages sought from it. Whether Plaintiff named QLS as a nominal party is irrelevant to determining whether QLS is in fact a nominal party. *Renfroe*, 2017 WL 3317299 at *2. Accordingly, QLS's citizenship is irrelevant to the determination of complete diversity.

To determine whether complete diversity exists, the Court need only consider the citizenship of Plaintiff, Deutsche Bank National Trust Company, and Nationstar. Plaintiff is a citizen of Washington. ECF No. 1-2 at ¶¶ 1.1, 3.2. Deutsche Bank, as a national bank, is a citizen of California because its articles of association establishes its main office in Los Angeles. *See* ECF No. 3. Nationstar is an LLC, so its citizenship is determined by the citizenship of its members.

---

[2] Plaintiff also argues that the Notice of Removal fails to discuss the citizenship of the Mortgage Electronic Registration Service (MERS). However, MERS is not a party to this suit and its citizenship is entirely irrelevant to the Court's analysis. 28 U.S.C. § 1332(a) (diversity jurisdiction determined based on citizenship of *parties to the civil action*); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("It is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity.").

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** * 8

Nationstar has two members, Nationstar Sub 1 LLC and Nationstar Sub 2 LLC, both of which are wholly owned by Nationstar Mortgage Holdings, Inc., which is incorporated in Delaware and has its principal place of business in Texas. Therefore, Nationstar is a citizen of Delaware and Texas.[3]

Plaintiff is diverse from all Defendants who are actual parties in interest. Complete diversity is therefore satisfied. As discussed above, Plaintiff does not dispute Defendants' conclusion that the amount in controversy exceeds $75,000. The Court therefore finds it has diversity jurisdiction over this case and that remand is not warranted.

   3. Remand is Not Warranted under the *Colorado River* Doctrine

Finally, Plaintiff argues that the Court should remand his case under the *Colorado River* abstention doctrine. Plaintiff argues that Defendants failed to include pleadings in their Notice of Removal that would have made the Court "aware of the abstention issues which this state court case clearly raises regarding the interaction between Ch. 65.12 RCW and Ch 61.24 RCW and the alleged unconstitutionality of Ch. 61.24 RCW." ECF No. 6 at 18. Plaintiff argues that these state law issues require the Court to abstain and remand his case. *Id.*

Under *Colorado River Water Conservation District v. United States*, district courts have discretion to decline to exercise jurisdiction over a case for damages based on the following factors: (1) whether a state court and federal court assume

---

[3] Plaintiff also appears to argue that complete diversity is lacking because some of the Defendants may share Delaware citizenship. Although that does not appear to be the case here—as all of the actual parties in this case actually are completely diverse from one another—it would be irrelevant if more than one Defendant was in fact a citizen of Delaware. "Complete diversity" does not require that each defendant be diverse from every other defendant. Rather, absent evidence of fraudulent joinder (of which there is no evidence here), "complete diversity" requires only that the plaintiff be diverse from each defendant. *Roche*, 546 U.S. at 84; *Caterpillar Inc.*, 519 U.S. at 68; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND \* 9**

jurisdiction over the same res; (2) the relative inconvenience of the federal forum; (3) the need to avoid piecemeal litigation; and (4) the order in which the parallel state and federal proceedings were filed. 424 U.S. 800, 818-19 (1976). This discretion should be exercised only in "exceptional" cases and "only the clearest of justifications support dismissal" of the parallel federal action. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983). The mere duplicativeness of state and federal proceedings is not sufficient to justify abstention. *Id.*

Despite Plaintiff's argument to the contrary, Defendants did provide the Court with all of the state court records, including any pleadings that go into the merits of Plaintiff's state law claims. *See* ECF No. 5. Without reaching the merits of Plaintiff's state law claims, the *Colorado River* doctrine does not apply here because there is no parallel state court proceeding addressing the state law issues raised here. *Smith v. Cent. Ariz. Water Conserv. Dist.*, 418 F.3d 1028, 1032 (9th Cir. 2005) (district court may dismiss or stay under *Colorado River* if the parallel state court proceeding will be an adequate vehicle for the complete and prompt resolution of the issues between the parties). Plaintiff has also not identified why this case is an exceptional case in which *Colorado River* should apply. The fact that there are issues of state law and that the Court would be applying state law is not sufficient to demonstrate that abstention and remand are warranted. Finally, *Colorado River* does not provide grounds for remand. *Keystone Fruit Mktg., Inc. v. Nat. Fire Ins. Co. of Hartford*, No. 2:10-CV-5145-RMP, 2011 WL 3293390 at *3 (E.D. Wash. Aug. 1, 2011) ("However, when an entire case is removed to federal court, there is no parallel state action that remain in state court. Accordingly, *Colorado River* does not supply a basis for abstention…").

There is no basis for the Court to abstain from exercising its jurisdiction under *Colorado River*. Accordingly, the Court denies Plaintiff's Motion for Remand.

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** ~ 10

4. <u>Plaintiff's Counsel Must Comply with Rule 11</u>

As a closing note, the Court reminds Plaintiff's counsel of his obligations under Federal Rule of Civil Procedure 11. As discussed above, Plaintiff's claims in support of remand were—by and large—wholly without support in law or fact. The Court also notes that it is not the first to be concerned with the lack of legal or factual support for claims brought by Plaintiff's counsel, Mr. Stafne. *See Robertson*, C12-2017-MJP, 2013 WL 12175089 at *2; *Bank of New York Mellon*, C16-00077-TSZ, 2016 WL 8738664 at *3.

Mr. Stafne is reminded of his obligation to ensure his client's claims and arguments are supported by existing law, that factual contentions have evidentiary support, and are not presented for an improper purpose. Fed. R. Civ. P. 11(b). Mr. Stafne is notified that, pursuant to Rule 11(c), future filings containing frivolous legal arguments or factual contentions without evidentiary support, like the claims asserted here, may lead to sanctions that may include payment of a penalty as well as reasonable attorney's fees and other expenses.

//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** * 11

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Remand, ECF No. 6, is **DENIED**.

2. As it appears that none was filed prior to removal, Defendants are directed to file an Answer or Rule 12 motion to Plaintiff's Complaint no later than **June 1, 2020**. The Court will set a telephonic scheduling conference after receiving Defendants' Answer or Rule 12 motion, if necessary.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 4th day of May 2020.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** * 12