FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAY J. JOHN,<br><br>    Plaintiff,<br><br>    v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON; DEUTSCHE BANK NATIONAL TRUST COMPANY; and NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER;<br><br>    Defendants. | NO. 4:20-CV-05008-SAB<br><br>**ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

    Before the Court is Defendants Deutsche Bank National Trust Company and Nationstar Mortgage LLC's Motion to Dismiss for Failure to State a Claim, ECF No. 15. The motion was considered without oral argument. Defendants Deutsche Bank (in its capacity as trustee of HIS Asset Securitization Corp. Trust 2006-HE2) (hereinafter "Deutsche Bank") and Nationstar argue that Plaintiff's Complaint fails to comply with Rules 8 and 9 and fails to allege any facts supporting a cognizable cause of action against Deutsche Bank and Nationstar. Despite being granted an extension, ECF No. 18, Plaintiff did not respond to the motion. Having reviewed

**ORDER GRANTING DEFENDANTS DEUTSCHE BANK AND NATIONSTAR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** * 1

the briefing and the relevant caselaw, the Court grants the motion and dismisses Defendants Deutsche bank and Nationstar from this matter.

## Factual Background

On June 30, 2006, Plaintiff purchased a property located at 4301 West 35th Court, Kennewick, Washington 99337-2749 and received a Statutory Warranty Deed. ECF No. 1-2 at 3.1-3.2. Plaintiff had two mortgages against the property through Defendants. ECF No. 1-2 at 3.3. Relevant here is a $423,900 promissory note executed by Plaintiff to Golf Savings Bank. ECF No. 15-1. Mortgage Electronic Registration Systems assigned the deed of trust to Deutsche Bank by assignment on September 7, 2011. ECF No. 15-2. The prior servicer, Bank of America, recorded a corrective assignment of deed of trust due to an accidental assignment to Nationstar in 2013. ECF No. 15-3. Deutsche Bank is the beneficiary of record of the deed.

Plaintiff's loan is in default and due for the August 1, 2016 payment. ECF No. 15-4. Foreclosure proceedings began in September 2017. *Id.* Since that time, Plaintiff has been trying to delay those proceedings. He has filed for bankruptcy twice, both of which were dismissed shortly after filing. This case is this latest attempt to thwart the foreclosure proceedings.

## Procedural History

On August 28, 2019, Plaintiff filed a pro se Complaint to Quiet Title in Benton County Superior Court.[1] In his original complaint, Plaintiff alleges that Defendants engaged "in a pattern of fraud…as relates to the failure to negotiate in good faith with elderly borrowers such as Plaintiff." *Id.* at ¶ 3.5. In particular, Plaintiff alleged that Defendants used deceptive means to induce Plaintiff to over-

---

[1] Plaintiff alleges that he purchased a form complaint from a company called Rockingham, PMA. He later alleged that Rockingham was engaged in the unauthorized practice of law in preparing his deficient complaint. ECF No. 6 at 2-3, ECF No. 7 at 2-5.

**ORDER GRANTING DEFENDANTS DEUTSCHE BANK AND NATIONSTAR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** * 2

leverage his home; use falsely inflated valuations; provided misleading statements regarding the balance of his mortgage, arrears, escrow balances, and reinstatement quotes; used the Mortgage Electronic Registration System to conceal the name of the true owner of the loan in violation of Washington law; forced a default by instructing Plaintiff to become 90 days past due in order to receive relief from his mortgage payment and then denying Plaintiff a loan medication; and failing to engage in the mediation process in a manner consistent with the facts, circumstances and needs of Plaintiff and with consideration of the actual value of the property at issue, and the likelihood of recovering comparable sums after foreclosure. ECF No. 1-2 at ¶¶ 3.5(a)-(f).

Plaintiff brings claims under the FDCPA, the Washington Consumer Protection Act, the Real Estate Settlement Procedures Act, the RICO Act, the Washington Unfair or Deceptive Trade Practices Act, the Foreclosure Fairness Act, and the Washington Deed of Trust Act. Plaintiff requests that the Court confirm title to the Property in favor of Plaintiff and quiet Defendants' claims to the Property. ECF No. 1-2 at ¶ 5.1.

Soon after filing his complaint, Plaintiff and Defendant QLS filed a Stipulation of Nonparticipation. ECF No. 5-1 at 9-10. In the Stipulation, the Plaintiff and QLS agreed that QLS was a trustee under a Deed of Trust to the Property. ECF No. 5-1 at 9. Plaintiff and QLS also agreed that QLS was named solely in its capacity as trustee, and that Plaintiff would not seek any monetary damages against QLS. *Id.* Plaintiff also agreed that QLS would not be required to participate in the litigation proceedings in any manner. *Id.*

Defendant Deutsche Bank National Trust Company filed a notice of removal on January 15, 2020 on the basis of federal question and diversity jurisdiction. ECF No. 1 at 2-3. Subsequent to removal, Plaintiff voluntarily dismissed all of his federal law claims. ECF Nos. 4, 11, and 13. Plaintiff also filed a motion to remand,

**ORDER GRANTING DEFENDANTS DEUTSCHE BANK AND NATIONSTAR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** \* 3

citing a myriad of theories. The Court denied the motion because, although Plaintiff dismissed all of his federal law claims, diversity jurisdiction still existed. ECF No. 14.[2]

## Legal Standard

On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Under Rule 12(b)(6), a complaint "should not be dismissed unless it appears beyond doubt that [the] plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 535-36 (9th Cir. 1995).

Federal Rule of Civil Procedure 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8 is to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). To satisfy this requirement and survive a 12(b)(6) dismissal, a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] Although it was not mentioned in the briefing on Plaintiff's Motion to Remand, Defendants' Motion to Dismiss indicates that Plaintiff filed another Complaint in Benton County Superior Court against these Defendants on October 7, 2019. This case raises claims under the Washington Torrens Act. That case is still pending in state court.

**ORDER GRANTING DEFENDANTS DEUTSCHE BANK AND NATIONSTAR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** * 4

1  Ordinarily, the Court is limited to those facts contained in the Complaint
2 itself when considering a Rule 12 motion. However, the Court may also consider
3 facts that are incorporated by reference in the complaint, in exhibits attached to the
4 complaint, and matters susceptible to judicial notice. *Mir v. Little Co. of Mary
5 Hosp.*, 844 F.2d 646, 649 (9th Cir. 1998). In evaluating whether a complaint states
6 a plausible claim for relief, courts rely on "judicial experience and common sense"
7 to determine whether the factual allegations, which are assumed to be true,
8 "plausibly give rise to an entitlement to relief." *Id*. at 679. Thus, the Court can
9 consider the documents contained at ECF No. 16, because they are incorporated by
10 reference in the complaint and are public records susceptible to judicial notice.
11  In assessing whether a case should be dismissed with prejudice and without
12 leave to amend, five factors should be considered: "(1) bad faith; (2) undue delay;
13 (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the
14 plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805,
15 808 (9th Cir. 2004). "Futility alone can justify the denial of a motion for leave to
16 amend." *Id.*

### Discussion

18  Defendants Deutsche Bank and Nationstar argue that Plaintiff's allegations
19 do not comply with Rules 8, 9, or 12(b)(6) and that his Complaint should be
20 dismissed with prejudice. Plaintiff has not responded to the Motion despite the fact
21 that he was given a four-week extension to respond.

22  1. Plaintiff's Failure to Respond to Motion to Dismiss

23  As a preliminary matter, per Local Civil Rule 7(e), Plaintiff's failure to
24 respond may be deemed consent to entry of a dismissal order. *See e.g.*, *Knemeyer
25 v. Podruzny*, No. 2:19-CV-00108-SMJ, 2020 WL 1932337 at *2 n.1 (E.D. Wash.
26 April 21, 2020); *Eileen Frances Living Trust v. Bank of America*, No. 2:15-CV-
27 227-RMP; 2017 WL 2945732 at *2 (E.D. Wash. July 10, 2017) (denying motion to

28 **ORDER GRANTING DEFENDANTS DEUTSCHE BANK AND NATIONSTAR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** * 5

1 reconsider where case was dismissed on a Rule 12 motion after plaintiff failed to
2 timely respond); *Gonzales v. SunTrust Morg., Inc.*, No. 2:11-CV-0460-EFS, 2012
3 WL 502258 at *2 (E.D. Wash. Feb. 14, 2012). Thus, the Court grants Defendants'
4 motion to dismiss and dismisses Defendants Deutsche Bank and Nationstar based
5 solely on Plaintiff's failure to comply with Local Rule 7.

   2. Rule 8 Analysis

   Even if Plaintiff had responded to the Motion to Dismiss, the Court grants
Defendants' Motion to Dismiss for failure to comply with Rule 8. First, Plaintiff's
Complaint does not include a "short and plain statement of the claim" as required
by Rule 8(a). Plaintiff's Complaint is basically a list of legal conclusions and the
elements of claims he wants to assert. ECF No. 1-2 at ¶¶ 3.5, 3.6. Indeed, the
Complaint contains no facts that would put Defendants on notice of what Plaintiff
is really seeking or that would lead to the reasonable inference that Defendants
were liable to Plaintiff for the alleged misconduct. *See Iqbal*, 556 U.S. at 678
(plaintiff must plead more than an "unadorned, the-defendant-unlawfully-harmed-
me accusation to satisfy Rule 8 and survive a Rule 12(b) motion to dismiss).
Furthermore, Plaintiff's Complaint does not make any single allegation against
Deutsche Bank or Nationstar in particular and instead lumps all of the Defendants
together as one group who seem to all be responsible for each other's actions. This
blanket treatment of Defendants in the Complaint makes it impossible for Deutsche
Bank and Nationstar to determine what specific conduct is alleged to have been
done by them, and therefore prevents them from determining what the claims
against them specifically are. Accordingly, Plaintiff's Complaint fails to satisfy the
requirements of Rule 8 and is dismissed.

   3. Rule 9(b) Analysis

   Plaintiff's Complaint raises claims that sound in fraud, so they must also
comply with the specificity requirements of Rule 9(b). In order to satisfy the

**ORDER GRANTING DEFENDANTS DEUTSCHE BANK AND NATIONSTAR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** \* 6

requirements of Rule 9(b) and survive a motion to dismiss, the plaintiff must allege "the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). When there are multiple defendants, Rule 9(b) does not allow "a complaint to merely lump defendants together but requires plaintiffs…to inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007). As with the Rule 8 analysis, Plaintiff's Complaint fails to meet the standards of Rule 9(b) because he does not state facts that would amount to a plain and clear statement of his claims, let alone state them with the particularity required by Rule 9. As above, Plaintiff's Complaint lumps together all of the defendants into one group without specifying how each particular Defendant engaged in fraud. Thus, Plaintiff's claims that sound in fraud should be dismissed for failure to state a claim and failure to comply with Rule 9.

    4. <u>Rule 12(b)(6) Analysis</u>

Finally, Defendants argue that Plaintiff's Complaint fails to state facts to support his Consumer Protection Act claims, Unfair or Deceptive Trade Practices Act claims, his quiet title claims, and Deed of Trust Act claims. This Order considers each claim in turn.

        a. *Consumer Protection Act*

Plaintiff alleges that Defendants violated the Consumer Protection Act by claiming "amounts due in the notice of sale which exceeded those permitted under the applicable statute of limitations." See ECF No. 1-2 at ¶ 4.0. In particular, Plaintiff alleges that Defendants claimed the entire indebtedness due in the Notice of Sale although default occurred in June 2017. *Id.* at ¶ 3.6. However, the Deed of Trust provides that, should Plaintiff default on the loan and the default is not cured on or before the date specified in the Notice, "Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument without

**ORDER GRANTING DEFENDANTS DEUTSCHE BANK AND NATIONSTAR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** \* 7

further demand and may invoke the power of sale and/or any other remedies permitted by Applicable Law." ECF No. 16-1 at 14-15. Per the Notice of Trustee's Sale, Plaintiff received notice that he was in default on the loan as of August 2, 2017. ECF No. 16-4 at 29. The Notice of Trustee's Sale also noted that Plaintiff could cure the default by paying the amount owed on the loan. *Id.* at 28.[3]

The Washington Consumer Protection Act provides that unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. Wash. Rev. Code 19.86.020. Plaintiff does not identify with particularity what provision of the Act he alleges has been violated or how the conduct alleged here violates the Act.

Plaintiff does not allege that he cured the default by paying off the amount owed on the loan, nor does he allege any facts that would amount to a violation of the Consumer Protection Act. Accordingly, the Court grants Defendants' motion and dismisses Plaintiff's CPA claim for failure to state a claim upon which relief may be granted.

    b. *Unfair or Deceptive Trade Practices Act*

These claims also seem to sound under the CPA, as there is no Act by this name in Washington. Plaintiff alleges that Defendants violated the "Unfair or Deceptive Trade Practices Act" "for practices associated with the origination and/or servicing of the subject loan." Plaintiff alleges no further facts in support of this claim. Accordingly, the Court dismisses Plaintiff's Unfair or Deceptive Trade Practices Act claims.

//

---

[3] The Court notes that Defendants may have neglected to update some of the dates and totals owed on the loan in their Motion, because the documents filed in support of the motion have different dates and amounts owed. This Order refers to the dates and totals owed in the documents filed in support of Defendants' motion, as they appear to be specific and correct as to Plaintiff's situation.

**ORDER GRANTING DEFENDANTS DEUTSCHE BANK AND NATIONSTAR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** * 8

c. *Quiet Title*

Plaintiff also brings claims to quiet title to the property in question and requests that the Court confirm and quiet title in his favor. ECF No. 1-2 at ¶ 4.4. A quiet title claim against a mortgagee requires an allegation that the mortgagor is the rightful owner of the property and that the mortgagor has paid an outstanding debt secured by the mortgage. *Tonseth v. WaMu Equity Plus*, No. C11-1359-JLR, 2012 WL 37406, at *6 (W.D. Wash. Jan. 9, 2012). Defendants argue that Plaintiff cannot allege facts supporting satisfaction of his deed of trust obligations such that title should be quieted in his favor. Reviewing the complaint, Plaintiff does not dispute that he is in default or that he tried to make payments on the debt. He cannot meet the requirements of a quiet title action, and accordingly his claim is dismissed.

d. *Deed of Trust Act*

Finally, Plaintiff alleges that Defendants violated the Deed of Trust Act by using MERS as a beneficiary "to purposely conceal the name of the true owner of the loan. ECF No. 1-2 at ¶¶ 3.5(d), 4.6. The deed of trust here identifies Golf Savings Banks as the original lender, ECF No. 16-1 at ¶ C, and MERS as a "separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." *Id.* at ¶ E. Defendants Nationstar and Deutsche Bank were later identified as assignees of the loan. ECF Nos. 16-3, 16-4.

It is not clear what provision of the Deed of Trust Act Plaintiff alleges Defendants violated. However, it is clear that these allegations also fail to state a claim upon which relief can be granted. Plaintiff alleges no facts from which Defendants' liability could be inferred. Accordingly, the Court dismisses this claim.

//

//

**ORDER GRANTING DEFENDANTS DEUTSCHE BANK AND NATIONSTAR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** * 9

5. <u>Whether to Dismiss with Leave to Amend</u>

Finally, the Court considers whether Plaintiff should be given leave to amend his complaint to cure the deficiencies discussed above. Defendants request that this matter be dismissed without leave to amend and with prejudice. Plaintiff did not respond to the motion to dismiss, so it is difficult to assess whether there are facts that could be alleged to support his claims. The Court finds that amendment here would likely be futile. In addition, this is at least the third case brought by Plaintiff against these Defendants to enjoin the foreclosure of the property. Any time given to amend the Complaint would likely cause undue delay and prejudice to the opposing parties. Therefore, the claims against Defendants Deutsche Bank and Nationstar are dismissed with prejudice and without leave to amend.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants Deutsche Bank and Nationstar's Motion to Dismiss for Failure to State a Claim, ECF No. 15, is **GRANTED**.

2. The claims against Defendants Nationstar Mortgage LLC, d/b/a Mr. Cooper, and Deutsche Bank National Trust Company are **dismissed** in their entirety **with prejudice** and **without leave to amend**.

//
//
//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANTS DEUTSCHE BANK AND NATIONSTAR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** \* 10

3. Defendant Quality Loan Services of Washington is **dismissed** pursuant to the Stipulation of Non-Participation, ECF No. 5-1 at 9.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, to provide copies to counsel, and **close** the file.

**DATED** this 26th day of August 2020.

Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANTS DEUTSCHE BANK AND NATIONSTAR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** * 11